**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Donald Willie SMITH, Defendant-Appellant.**

**No. 71–2037.**

United States Court of Appeals, Sixth Circuit.

March 28, 1972.

Sanford Rosenthal, Detroit, Mich. (Court-appointed), on brief for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Richard L. Delonis, Asst. U. S. Atty., Detroit, Mich., on brief for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

Donald Willie Smith appeals from his conviction on three counts of a six count indictment charging violation of moonshine whiskey laws. He waived a jury and was tried before District Judge Thomas P. Thornton, who entered a judgment of acquittal on three counts and found Smith guilty of: (1) possession and transportation of distilled spirits in containers which did not have requisite stamps, in violation of 26 U.S.C. § 5205(a) (2) and § 5604(a) (1); (2) concealment of distilled spirits without payment of tax in violation of 26 U.S.C. § 7206(4); and (3) working in a distil-

lery not identified or licensed as such in violation of 26 U.S.C. § 5681(c). A sentence of eighteen months was imposed.

The sole question raised on appeal is whether the search of the automobile and the seizure from the trunk of glass jugs containing moonshine whiskey was invalid.

Upon an examination of the entire record and transcript of the proceeding in the District Court, and upon consideration of the brief filed by counsel for Smith, we conclude that it is manifest that the questions on which the decision of the court depends are so unsubstantial as not to need further argument. We affirm under Rule 8 of the rules of this court.

The observing agents possessed a search warrant for the premises in which an illicit still was in operation. This warrant had been obtained after an officer, acting on an informer's tip, went to the premises and smelled the strong odor of fermenting mash. After obtaining the search warrant the agents saw Smith and another man emerge from the building to load what appeared to be moonshine whiskey into the trunk of an automobile. The men then drove away. The car was stopped by other agents in response to a radio message from the observing agents. They removed the keys from the ignition and opened the trunk with a key on the same ring. Untaxed whiskey was found in the trunk and introduced into evidence.

The warrant affidavit was sufficient to establish probable cause to believe that the occupiers of the premises were violating federal law relating to distilled spirits. See United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Johnson v. United States, 333 U.S. 10, 13, 68 S.Ct. 367, 92 L.Ed. 436 (1948). The subsequent stop and search of the car based on the radio broadcast was lawful. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Affirmed.